**RECEIVED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
☐ Eastern (Jackson)   DIVISION
☒ Western (Memphis) DIVISION

DEC 06 2023

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

Louvisia Conley a/d/a )
Elene K   Plaintiff, )
)
vs. )
)
VA Dept. Veterans Affairs, VA Memphis )
Medical Center. Denis R. McDonough, Secretary, )
Director  Joseph P. Vaughn, Supervisor Gina )
Raymond, Attorney Kathleen Pohlid, EEO )
Maanger, VA Police Services )
Defendants.

Request No. 2023002375
Appeal No. 2022005091
Agency No. 2001-0614-2017100698

## REQUEST FILE CIVIL ACTION SUIT BREACH OF SETTLEMENT AGREEMENT, & DISCRIMINATION

1. This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

    ☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
    ***NOTE:*** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

    ☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 – 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102 -166)
    ***NOTE:*** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

    ☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 – 12117 (amended by the ADA Amendments Acts of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 1102-166).
    ***NOTE:*** *In order to bring a suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

## JURISDICTION

2. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Tennessee law.

## PARTIES

3. Plaintiff resides at:

5584 Gwendolyn Drive, Apt. 104

STREET ADDRESS

| Shelby | Tennessee | 38125 | 901-244-0853 |
|---|---|---|---|
| County | State | Zip Code | Telephone Number |

4. Defendant(s) resides at, or its business is located at:

Dept. of Veteran Affairs, Memphis Medical Center/Kathleen Pholid Office of General Counsel, U.S. Department of Veterans Affairs

STREET ADDRESS

| Shelby | Memphis | Tennessee | 38104 |
|---|---|---|---|
| County | City | State | Zip Code |

NOTE: If more than one defendant, you must list the names, address of each additional defendant.

Agency, EEO Manager Ebony Davila - 1030 Jefferson Ave, Memphis, TN 38104

Agency, Police Services Department - 1030 Jefferson Ave, Memphis, TN 38104

Gina Raymond, Director of Education Services, Memphis TN

Attorney Kathleen Pohlid, Agency Attorney 1030 Jefferson Ave, Memphis, TN

5. The address at which I sought employment or was employed by the defendant(s) is:

1030 Jefferson Avenue Memphis TN

2

STREET ADDRESS

Shelby         ,  Memphis        ,  Tennessee      ,  38104           .
County            City               State              Zip Code

6. The discriminatory conduct of which I complain in this action includes *(check only those that apply)*

    ☐ Failure to hire

    ☒ Termination of my employment

    ☐ Failure to promote

    ☒ Failure to accommodate my disability

    ☒ Unequal terms and conditions of my employment

    ☒ Retaliation

    ☐ Other acts*(specify)*: Harassment, Hostile Workplace, Breach of settlement agreement, Age, Race, Color, Sex, Disability, Gender, ADA Violations, Etc.

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

7. It is my best recollection that the alleged discriminatory acts occurred on:

Date(s) 11/01/2021, 06/10/2023

8. I believe that the defendant(s) *(check one)*:
    ☒ is still committing these acts against me. ☐
    is <u>not</u> still committing these acts against me.

9. Defendant(s) discriminated against me based on my:
*(check only those that apply and state the basis for the discrimination. For example, if religious discrimination is alleged, state your religion. If racial discrimination is alleged, state your race, etc.)*

3

☒ Race (Mixed) African America/Navajo Indian

☒ Color

☒ Gender/Sex Female

☐ Religion Christian

☒ National Origin Native American Indian ☐

☒ Disability Deafness/Hard-of-Hearing

☒ Age. If age is checked, answer the following:
I was born in 1964_____. At the time(s) defendant(s) discriminated against me.

I was [ X ] more [ ] less than 40 years old. *(check one)*

**NOTE:** *Only those grounds raised in the charge filed the Equal Employment Opportunity Commission can be considered by the federal district court.*

10.   The facts of my case are as follows:

Plaintff worked as GS-7 Program Support Assistant at Agency's Veterans Affairs Medical Center in Memphis, TN

- **PLEASE SEE ATTACHED DOCUMENTATION ATTACHED TO THIS FILING OF CASE- PLAINTIFF CASE FACTS AFFIDAVIT IN SUPPORT OF CASE 1-61 pg**

*(Attach additional sheets as necessary)*

**NOTE:** *As additional support for your claim, you may attach to this complaint a copy of the*

4

*charge filed with the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission.*

11. It is my best recollection that I filed a charge with the Tennessee Human Rights Commission regarding defendant's alleged discriminatory conduct on:_____

12. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: 09/2022 0 .
   Date

**Only litigants alleging age discrimination must answer Question #13.**

13. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct. *(check one)*:

   ☐ 60 days or more have elapsed ☐

   ☒ Less than 60 days have elapsed.

14. The Equal Employment Opportunity Commission *(check one)*:

   ☐ has not issued a Right to Sue Letter.

   ☒ has issued a Right to Sue letter, which I **received** on 09/11/2023_____.
   Date

*NOTE:* This is the date you *received* the Right to Sue letter, not the date the Equal Employment Opportunity Commission issued the Right to Sue letter.

15. Attach a copy of the Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.

*NOTE:* You must attach a copy of the right to sue letter from the Equal Employment Opportunity Commission.

16. I would like to have my case tried by a jury:

   ☒ Yes

   ☐ No

5

**WHEREFORE,** plaintiff prays that the Court grant the following relief:

direct that the Defendant employ Plaintiff, or

direct that Defendant re-employ Plaintiff, or

☐ direct that Defendant promote Plaintiff, or

☐ order other equitable or injunctive relief as follows: _____

_____

☐ direct that Defendant pay Plaintiff back pay in the amount of $ 3 million
and interest on back pay Etc. See Attachment Drew

☐ ☒ direct that Defendant pay Plaintiff compensatory damages: Specify amount and basis for compensatory damages:
the Compensatory and Punitive damages $60 Million dollars.

_____
SIGNATURE OF PLAINTIFF

Date: 12/5/2023

5584 Gwendolyn Drive Apt. 104
Address

Memphis, Tennessee 38125

901-244-0853
Phone Number

6



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Louvisia A. Conley a/k/a
Elene K.,[1]
Complainant,

v.

Denis R. McDonough,
Secretary,
Department of Veterans Affairs
(Veterans Health Administration),
Agency.

Request No. 2023002375

Appeal No. 2022005091

Agency No. 2001-0614-2017100698

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Elene K. v. Dep't of Veterans Affairs, EEOC Appeal No. 2022005091 (Feb. 21, 2023). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

Complainant worked as a GS-7 Program Support Assistant at the Agency's Veterans Affairs Medical Center in Memphis, Tennessee. Complainant and the Agency entered into a Settlement Agreement on May 7, 2021, to resolve an EEO complaint. The Agreement provided that the Agency would pay Complainant $250.00 and offer her a Program Support Assistant position. Complainant alleged that the Agency breached the Agreement when management terminated her employment during her probationary period and subjected her to discrimination.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

The Agency issued a final determination finding that it was not in breach of the Agreement and noted that it separately processed Complainant's new allegations of discrimination. Our appellate decision affirmed the Agency's decision.

In her request for reconsideration, Complainant expresses her disagreement with the previous decision and largely reiterates arguments previously made on appeal.

We have reviewed the various arguments raised by Complainant in the instant request for reconsideration. However, we can find no basis to disturb the Commission's prior decision. Complainant presents arguments which were previously raised and considered or could have been raised during the original appeal. The Commission emphasizes that a request for reconsideration is not a second appeal. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. Thus, we conclude that Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 2022005091 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

3                                                                2023002375

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*/s/ Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

September 11, 2023
Date



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Louvisia Conley, a/k/a
Elene K.,[1]
Complainant,

v.

Denis R. McDonough,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 2022005091

Agency No. 200I-0614-2017100698

### DECISION

Complainant filed a timely appeal with the Equal Employment Opportunity Commission (EEOC or Commission) from a final decision (FAD) by the Agency dated September 2, 2022, finding that it was in compliance with the terms of the settlement agreement into which the parties entered. See 29 C.F.R. § 1614.402; 29 C.F.R. § 1614.504(b); and 29 C.F.R. § 1614.405.

### BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Program Support Assistant, GS-7, at the Agency's Veterans Affairs Medical Center facility in Memphis, Tennessee.

Believing that the Agency subjected her to unlawful discrimination, Complainant contacted an Agency EEO Counselor to initiate the EEO complaint process. On May 7, 2021, Complainant and the Agency entered into a settlement agreement to resolve her EEO complaint, Agency Case No. 200I-0614-2017100698. The settlement agreement (Agreement) provided, in pertinent part, that:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

(2) As due consideration for the Parties' mutual undertakings and obligations provided for in this Agreement, including but not limited to Complainant's immediate dismissal of all claims and complaints discusses heretofore, the Agency Agrees as follows:

  a) The Agency will pay Complainant a total of two hundred and fifty dollars and zero cents ($250.00) (Payment).

   \*   \*   \*

  b) Within ten working days of the effective date of this Agreement, the Agency will notify Complainant that she has been selected and offered the [Program Support Assistant] PSA position at the GS-7 Step-1 level. Complainant will have fifteen working days from the date of the offer to notify the Agency that she has accepted the position.

The record also shows that on May 19, 2021, within the 10-day window provided by the Agreement, Complainant received an email notifying her that she had been tentatively selected for the Program Support Assistant position subject to several routine pre-employment processes. The next day, Complainant accepted the tentative offer and indicated she was prepared to complete the pre-employment steps. On August 26, 2021, the Agency contacted Complainant and indicated she had completed all pre-employment requisites and provided her with a final offer of the Program Support Assistant position at the GS-7 Step-1 level and notified her that that her effective date of appointment was September 12, 2021.

Nine months later, on June 26, 2022, Complainant alleged that the Agency was in breach of the Agreement. Complainant did not cite to any specific provision in the Agreement or point to language in the Agreement that she believed had been breach. Rather, she indicated that she was subjected to discrimination after she started working as a Program Support Assistant. Complainant stated that the Agency created a hostile work environment, failed to provide her with adequate training and a reasonable accommodation promptly, segregated her from her coworkers, conducted a fact-finding investigation, and terminated her employment during her probation period.

In its September 2, 2022 determination decision, the Agency concluded that it complied with its obligations under the Agreement. Specifically, the Agency indicated that it had complied with the obligations provided in paragraphs (2)(a) because an invoice entitled "SIS Certification Details" showed that Complainant was paid $250.00 on June 17, 2021. The Agency also indicated that it complied with the obligation under paragraph (2)(b) to offer Complainant a Program Support Assistant position at the GS-7 level, because a New Hire Notification from August 26, 2021, revealed that Complainant received a firm offer of employment for the position.

Because Complainant's claim consisted of new acts of alleged discrimination that occurred once she assumed her new position, the Agency indicated that it had accepted these claims as a new EEO complaint and processed it under Agency Case No. 200I-614-2022-144724. The Agency stated that the complaint was partially accepted for investigation and that the investigation was pending.

The instant appeal followed. Complainant submitted a statement with her appeal. Complainant argues that the Agreement afforded her a "protected status," so she should have been protected from termination and discrimination.

## ANALYSIS

EEOC Regulation 29 C.F.R. § 1614.504(a) provides that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a settlement agreement constitutes a contract between the employee and the Agency, to which ordinary rules of contract construction apply. See Herrington v. Dep't of Def., EEOC Request No. 05960032 (December 9, 1996). The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. Eggleston v. Dep't of Veterans Affairs, EEOC Request No. 05900795 (August 23, 1990). In ascertaining the intent of the parties with regard to the terms of a settlement agreement, the Commission has generally relied on the plain meaning rule. See Hyon O v. U.S. Postal Serv., EEOC Request No. 05910787 (December 2, 1991). This rule states that if the writing appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature. See Montgomery Elevator Co. v. Building Eng'g Servs. Co., 730 F.2d 377 (5th Cir. 1984).

In this case, Complainant does not dispute that the Agency complied with paragraphs (2)(a) or (2)(b) of the Agreement. In fact, she did not cite to any specific provision in the Agreement or point to language in the Agreement that she believed had been breached. Rather, she argued that the Agreement afforded her a "protected status." According to Complainant, the Agency was obligated to protect her from termination after she was selected for the Program Support Assistant position. We note that Complainant was terminated from the Agency due to asserted unsatisfactory performance and conduct. Despite Complainant's argument, a 'plain meaning' interpretation of the Agreement does not identify how long she could stay in the Program Support Assistant position, and the Agreement did not state that the Agency had an obligation to retain her indefinitely.

Complainant described that she had been subjected to discrimination after she started working as a Program Support Assistant. In the FAD, the Agency correctly identified that Complainant had raised new claims of discrimination. The Agency indicated that it did not make a final determination on the new claims because they were being processed as a separate complaint and pending investigation. We cannot make a final determination on her new claims at this juncture as a final decision on the new complaint has not been issued by the Agency.

4                                                                                                         2022005091

## CONCLUSION

Accordingly, the Agency's decision that it was not in breach of the settlement agreement was proper and is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request.

5                                                                2022005091

**Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations


February 21, 2023
Date

6                  2022005091

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Louvisia Conley
5584 Gwendolyn Drive Apt 104
Memphis, Tennessee 38125
Via U.S. Mail

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
Via FedSEP

February 21, 2023
Date

*[signature]*

Compliance and Control Division