IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LOUVISIA CONLEY,
a/k/a ELENE K,

     Plaintiff,

v.                                      No. 2:23-cv-02756-SHM-cgc

DEPT. OF VETERANS AFFAIRS, VA
MEMPHIS MEDICAL CENTER,
DENIS R. McDONOUGH, Secretary,
JOSEPH P. VAUGHN, Director,
GINA RAYMOND, Supervisor,
KATHLEEN POHLID, Attorney,
EBONY DALVIA, EEO Agency
Manager, and VA POLICE OFFICE,

     Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING PENDING MOTIONS AS MOOT**

---

*Pro Se* Plaintiff Louvisia Conley brings this action against Defendants, alleging slander, breach of settlement agreement, and violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, the Whistleblower Protection Act ("WPA"), 5 U.S.C. §§ 1121-1219, 2302, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Equal Pay Act ("EPA"), 29 U.S.C. § 206.  (ECF Nos. 1, 32.)

Before the Court is Defendants' "Partial Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (the

"Motion"), filed on October 18, 2024.[1]  (ECF No. 38.)  On March 4, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendants' Motion be granted.[2]  (ECF No. 53.)  On March 11, 2025, Plaintiff filed an objection to the R&R.  (ECF No. 54.)  Between March 14 and July 9, 2025, the parties filed thirteen additional documents addressing issues related to the R&R (collectively, the "Pending Motions") without leave of court.  (ECF Nos. 55-71.)  For the reasons stated below, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's R&R, **GRANTS** Defendants' Motion to Dismiss, and **DENIES AS MOOT** the Pending Motions.

## I.    BACKGROUND

### A.    Factual Background

Plaintiff is a former employee of the Department of Veterans Affairs ("VA") Medical Center in Memphis, Tennessee.  (ECF No. 1.)  On January 26, 2017, she filed an employment discrimination claim

---

[1] Although Defendants' Motion is styled a motion for partial dismissal or summary judgment, the Motion seeks dismissal of all claims Plaintiff asserts.  (ECF No. 38.)  The Court construes the Motion to seek full dismissal or, in the alternative, summary judgment.

[2] Although the Magistrate Judge's R&R outlines the legal standards for both Rule 12(b) dismissal and Rule 56 summary judgment, the R&R analyzes Defendants' Motion primarily as a motion to dismiss and applies that standard.  (ECF No. 54.)  Because the Court reviews the Magistrate Judge's R&R for legal error and conducts a *de novo* review of any properly objected-to portions, the Court considers Defendants' Motion as one for dismissal under Rules 12(b)(1) and (6).  See <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981); <u>see also</u> 28 U.S.C. § 636(b)(1)(C).

against the VA and requested a hearing before the Equal Employment
Opportunity Commission ("EEOC").  (ECF Nos. 1, 53.)

On May 7, 2021, Plaintiff entered into a Settlement Agreement
with the VA.  (Id.)  Under that agreement, the VA agreed to (1)
compensate Plaintiff in the amount of $250.00 and (2) notify her
"within ten working days of the effective date … that she has been
selected and offered [a] Program Support Assistant (PSA) position
at [the] GS-7, Step 1 level."  (Id.)  On May 19, 2021, Plaintiff
began her PSA position in accordance with the agreement.  (Id.)

On May 10, 2022, Plaintiff filed a second employment
discrimination claim, alleging discrimination "on the basis of
race, color, age, sex, and disability." (Id.)  She was terminated
from her PSA position on June 10, 2022.  (Id.)  After her
termination, Plaintiff filed a complaint with the VA, alleging
that the agency has breached the May 7, 2021 Settlement Agreement.
(Id.)  The VA Office of Resolution Management ("ORM") reviewed her
complaint and determined that no breach occurred.  (Id.)

On September 27, 2022, Plaintiff appealed the ORM's decision
to the EEOC, which upheld the determination.  (Id.)  Plaintiff
sought reconsideration on March 16, 2023, which the EEOC denied on
September 11, 2023.  (Id.)  Plaintiff then filed a second request
for reconsideration.  (Id.)  While that request was pending, the
EEOC advised Plaintiff that she had the right to file a civil

action in federal court within 90 days of receiving the VA's final agency decision.  (Id.)

Despite the pending EEOC appeal, Plaintiff filed this civil action in federal court on December 6, 2023.  (ECF No. 1.)  On December 14, 2023, the EEOC dismissed Plaintiff's administrative appeal, explaining that the pending civil action had terminated the EEOC's jurisdiction.  (ECF No. 38-4.)  On February 2, 2024, the VA issued a final agency decision dismissing Plaintiff's administrative case for lack of jurisdiction.  (ECF No. 38-5.) This civil action remains the only pending case.

**B.    Procedural Background**

On March 28, 2024, Defendants filed a Motion for More Definitive Statement in response to Plaintiff's complaint. (ECF No. 21.)  The Court granted the Motion on July 24, 2024, and ordered Plaintiff to file an amended complaint by August 16, 2024. (ECF No. 31.)

On July 30, 2024, Plaintiff filed a document titled "Amended Definitive Statement," which the Court construes as an Amended Complaint.  (ECF No. 32.)  Plaintiff's Amended Complaint lists the following individuals and entities as Defendants: "Department of Veteran Affairs Agency," "Denis R. McDonough, VA Memphis Director," "Jospeh R. Vaughn, Agency Local EEO," "Gina Raymond, VA

Director Agency HR," "EEO Manager Ebony Dalvia," "Attorney
Kathleen Pohlid, Agency Attorney," and "VA Memphis Veteran Police
Office." (Id.)

Plaintiff's Amended Complaint alleges that Defendants
breached the May 6, 2021 Settlement Agreement by failing to offer
her a new position within the agreed time. She also cites numerous
federal employment laws she claims were violated. (Id.) Due to
the disorganized structure of Plaintiff's Amended Complaint, the
factual bases for Plaintiff's claims are unclear. Liberally
construed, the Amended Complaint appears to assert claims for
slander, breach of settlement agreement, and violations of the
FMLA, the WPA, Title VII, and the EPA. (Id.) Plaintiff also seeks
punitive damages. (Id.)

On October 18, 2024, Defendants filed the instant Motion.
(ECF No. 38.) Plaintiff responded on November 21, 2024. (ECF No.
49.) Rather than responding to the legal arguments raised in the
Motion, Plaintiff largely restates the allegations in her Amended
Complaint in narrative form. (Id.) On December 27, 2024,
Defendants filed a Motion for Leave to File Reply (ECF No. 50),
which the Court denied on December 30, 2024. (ECF No. 52.)

On March 4, 2025, the Magistrate Judge issued an R&R
recommending that Defendants' Motion be granted on the basis that:
(1) the Court lacks subject matter jurisdiction over Plaintiff's

FMLA, WPA, and slander claims; (2) Plaintiff failed to exhaust
administrative remedies before filing this civil action; and (3)
Plaintiff failed to allege sufficient facts to state a plausible
claim under Title VII or the EPA, or for breach of settlement
agreement. (ECF No. 53.) On March 11, 2025, Plaintiff filed an
objection to the R&R. (ECF No. 54.) Defendants responded on March
25, 2025. (ECF No. 56.) Plaintiff replied on March 28, 2025.
(ECF No. 57.)

Before the Court had ruled on the R&R, the parties filed
thirteen additional documents. On March 31, 2025, Plaintiff filed
a "Supplemental Response in Opposition to Defendants' Motion to
Dismiss" (ECF No. 58), a "Supplement Regarding the EEOC's Failure
to Execute and Enforce the Settlement Agreement" (ECF No. 59), and
a "Letter Motion and Reply to Defendants' Response to [Plaintiff's]
Objections" (ECF No. 61.) Defendants responded to the Letter
Motion on April 14, 2025. (ECF No. 62.) On April 21, 2025,
Plaintiff filed an "Objection and Clarification" and a "Rebuttal
to Defendant[s'] Response to Letter Motion." (ECF Nos. 63, 64.)
On June 10, 2025, Plaintiff filed a "Notice Regarding Defendant's
Rejection of Proposed Settlement Resolution and Plaintiff's Good
Faith Efforts," which the Court construes as a motion to compel
arbitration. (ECF No. 65.) On June 11, 2025, Plaintiff filed an
attachment disclosing confidential settlement communications,

which allegedly demonstrates Defendants' bad faith refusal to settle. (ECF No. 66.) On June 17, 2025, Defendant moved to strike Plaintiff's June 10 filing from the record. (ECF No. 67.) Plaintiff opposed on June 18, 2025. (ECF No. 68.) On June 23, 2025, Plaintiff filed a second motion to compel arbitration and a motion for sanctions. (ECF No. 69.) Defendants opposed the motion to compel on July 7, 2025 (ECF No. 70), and Plaintiff replied on July 9, 2025. (ECF No. 71.) Neither party sought leave of court before filing these documents.

## II. STANDARD OF REVIEW

Congress enacted the Federal Magistrates Act to relieve the burden on the federal judiciary by allowing district courts to assign duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 Fed.Appx. 308, 310 (6th Cir. 2003). Under 28 U.S.C. § 636, magistrate judges assist district judges by issuing reports and recommendations, subject to judicial review. See 28 U.S.C. § 636(b).

Federal Rule of Civil Procedure 72(b)(2) permits a party to file written objections to a magistrate judge's proposed findings and recommendations within 14 days of service. See Fed. R. Civ. P. 72(b)(2), 6(d). If timely objections are filed, the Court

"shall make a *de novo* determination of those portions of the [magistrate's] report … to which objection is made." Melinda R. v. Commissioner of Social Security, No. 2:23-cv-1090, 2024 WL 1268249, at *1 (S.D. Ohio Mar. 26, 2024) (citing 28 U.S.C. § 636(b)(1)(C)); see also Fed. R. Civ. P. 72(b). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C).

Only specific objections are entitled to a *de novo* review. See Lee v. Money Gram Corporate Office, No. 15-cv-13474, 2017 WL 4161108, at *1 (E.D. Mich. Sep. 20, 2017). The objecting party must "pinpoint those portions of the magistrate's report that the district court must specially consider." Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)) (internal quotations omitted). An objection "that does nothing more than disagree with a magistrate judge's determination, without explaining the source of the error, is not considered a valid objection." Lee, 2024 WL 126829, at *1 (quoting Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)) (internal quotations omitted). "[V]ague, general, or conclusory objections [do] not meet the requirement of specific objections and [are] tantamount to a complete failure to

object." <u>Zimmerman v. Cason</u>, 354 Fed.Appx. 228, 230 (6th Cir. 2009).

## III. ANALYSIS

### A.  Subject Matter Jurisdiction

Plaintiff sues Defendants for slander, breach of settlement agreement, and violations of the FMLA, the WPA, Title VII, and the EPA.  The threshold issue is whether the Court has subject matter jurisdiction over those claims.

The Court has federal question jurisdiction over Plaintiff's Title VII and EPA claims under 28 U.S.C. § 1331, which grants district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  <u>See</u> 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over Plaintiff's breach-of-settlement-agreement claim because it shares a "common nucleus of operative fact" with her federal claims. <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 725 (1966).

The Court lacks subject matter jurisdiction over Plaintiff's FMLA claim.  Under Title II of the FMLA, federal employees with more than 12 months of service do not have a private right of action.  <u>See</u> <u>Thompson v. Secretary of U.S. Dep't of Veterans Affairs</u>, No. 1:18CV1777, 2019 WL 7944405 at *6-7 (N.D. Ohio Jun.

10, 2019); accord Burg v. U.S. Dep't of Health and Human Servs.,
387 Fed.Appx. 237, 240 (3d Cir. 2010); Carlson v. White, 133
Fed.Appx. 144, 145 (5th Cir. 2005); Russell v. U.S. Dep't of the
Army, 191 F.3d 1016, 1018-19 (9th Cir. 1999); Mann v. Haigh, 120
F.3d 34, 37 (4th Cir. 1997). Plaintiff's employment with the VA
began on December 13, 2015 and terminated on June 10, 2022. (ECF
Nos. 53, 54). Because Plaintiff had more than 12 months of federal
service before termination, she has no private right of action
under the FMLA.

The Court also lacks subject matter jurisdiction over
Plaintiff's slander claim. Under the Federal Tort Claims Act
("FTCA"), 28 U.S.C. §§ 2671, et seq., tort claims against the
United States are barred unless the Government waives sovereign
immunity. See 28 U.S.C. § 2674. The FTCA expressly exempts
slander claims from that waiver. See 28 U.S.C. § 2680(h); Rector
v. United States, 243 Fed.Appx. 976, 979 (6th Cir. 2007) (holding
that "tort claims ars[ing] out of libel, slander, and
misrepresentation" are "specifically exempted from the general
waiver of immunity."). Plaintiff has not alleged that she
exhausted administrative remedies under the FTCA, which is a
prerequisite to filing suit in federal court. See Joelson v.
United States, 86 F.3d 1413, 1422 (6th Cir. 1996). Because the
United States has not waived sovereign immunity for slander claims

and Plaintiff has not met the FTCA's administrative exhaustion requirement, her slander claim is barred.

The Court also lacks jurisdiction over Plaintiff's WPA claim. Under the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. §§ 1101, *et seq.*, a plaintiff must exhaust her administrative remedies before pursuing a WPA claim in federal court.  See Thomas v. Haaland, No. 1:19-CV-00157, 2021 WL 3432892, at *2 (W.D. Ky. Aug. 5, 2021); see also Manning v. McDonald, 3:16-cv-00706, 2017 WL 587979, at *3 (M.D. Tenn. Feb. 13, 2017) ("for claims brought pursuant to the WPA, exhaustion of administrative remedies is a prerequisite to suit.") (internal quotations omitted).  Plaintiff has failed to satisfy that requirement.  Even if Plaintiff had exhausted her administrative remedies, only the "Federal Circuit or any court of appeals of competent jurisdiction … has the ability to review a WPA decision."  Id. at *4.  This Court does not. "Under no circumstances does the WPA grant the district court jurisdiction to entertain a whistleblower cause of action[.]"  Id. (citing Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002)).

Plaintiff's FMLA, slander, and WPA claims are **DISMISSED** for lack of subject matter jurisdiction.

**B.   Plaintiff's Objections to the R&R**

Because the Court lacks jurisdiction over Plaintiff's FMLA, slander, and WPA claims, it considers Plaintiff's objections to the Magistrate Judge's R&R only to the extent they pertain to her remaining claims under Title VII, the EPA, and breach of the settlement agreement.

Plaintiff does not object to the Magistrate Judge's findings of fact.  Those findings are adopted in full.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("The district court is not required to review – under a *de novo* or any other standard – those aspects of the report and recommendation to which no objection is made.").

Plaintiff objects to the Magistrate Judge's legal conclusions on three grounds:

(1) **Failure to Apply Proper Legal Standards**: Plaintiff asserts that dismissal was premature because material facts remain in dispute and argues that the Magistrate Judge failed to review the evidence in the light most favorable to her. (ECF No. 54.)

(2) **Judicial Bias**: Plaintiff contends that she was subject to judicial bias, claiming that the "Magistrate Judge repeatedly ignored Plaintiff['s] filings, procedural

12

objections and responses to the Defendants' motions."
(Id.)

(3) **Substantive Legal Error**: Plaintiff argues that the
Magistrate Judge "disregard[ed] binding legal precedent"
by dismissing her Title VII and EPA claims. According to
Plaintiff, the cited precedents afford her "broad
protections" against workplace discrimination and
retaliation. (Id.)

Each of Plaintiff's objections is impermissibly vague,
general, and conclusory for purposes of Rule 72. See Fed. R. Civ.
P. 72(b); see also Zimmerman, 354 Fed.Appx. at 230.

Plaintiff's first objection – that the Magistrate Judge
misapplied the legal standard in dismissing her complaint – fails.
The Magistrate Judge applied the correct standard. Plaintiff
argues that the Magistrate judge should have applied the summary
judgment standard, which requires the Court to view "the evidence
in the light most favorable to the non-moving party." See Fed. R.
Civ. P. 56; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith
Radio Corp., 475 U.S. 574, 587 (1986); accord Rodgers v. Banks,
344 F.3d 587, 595 (6th Cir. 2003); Biegas v. Quickway Carriers,
Inc., 573 F.3d 365, 374 (6th Cir. 2009). Plaintiff fails to
identify any specific legal error in the R&R. The Magistrate Judge
correctly analyzed the Amended Complaint under the motion-to-

dismiss standard, which is more lenient than the summary judgment standard.  (ECF No. 53.)  Under Rule 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Although "detailed factual allegations" are not required, the complaint must plead sufficient facts that, "accepted as true[,] … state a claim to relief that is plausible on its face[.]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Magistrate Judge applied that standard correctly.  Because Plaintiff failed to satisfy the basic pleading requirements, the Magistrate Judge properly concluded that dismissal was warranted.  Plaintiff's objection lacks merit.

Plaintiff's second objection – judicial bias – lacks legal and factual support.  Plaintiff cites no legal authority to support her claim.  Her only relevant allegation is that the Magistrate Judge "improperly dismissed Plaintiffs' Motion to Stay filed on November 18, 2024, without legal justification[.]"  (ECF No. 54.) That allegation is conclusory.  To establish bias, Plaintiff must show "either extrajudicial bias or a deep-seated unequivocal antagonism" toward her.  Liteky v. United States, 510 U.S. 540, 554-55 (1994).  Bias "cannot be inferred from a mere pattern of rulings by a judicial officer," but requires "evidence that the

officer had it 'in' for the party for reasons unrelated to the officer's view of the law." Scott v. Metropolitan Health Corp., 234 Fed.Appx. 341, 359 (6th Cir. 2007). Here, Plaintiff offers no such evidence. She is dissatisfied with the Magistrate Judge's ruling, but makes no showing of bias.

Plaintiff's allegation contradicts the docket record. The Magistrate Judge properly dismissed Plaintiff's November 18, 2024 Motion to Stay without issuing a detailed opinion. No such opinion was required because Plaintiff's Motion failed to articulate any legal basis for a stay. See Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion."); see also Robin Products Co. v. Tomecek, 465 F.2d 1193, 1196 (6th Cir. 1972); Deal v. Cincinnati Bd. of Ed., 369 F.2d 55, 63-64 (6th Cir. 1966). The Magistrate Judge's dismissal was appropriate under those circumstances. The Court finds no evidence of judicial bias.

Plaintiff's third objection – substantive legal error – also fails. Plaintiff does not identify any specific error in the Magistrate Judge's legal analysis. Instead, she repeats the claims and allegations in her Amended Complaint. An objection that merely restates prior arguments without addressing the Magistrate Judge's reasoning is insufficient under Rule 72 and does not warrant *de*

*novo* review.  <u>See</u> <u>Byrd v. Knox County Schools</u>, No. 3:22-cv-373, 2023 WL 11897636, at *2 (E.D. Tenn. Apr. 19, 2023) ("[I]f the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived."); <u>see also</u> <u>Modrall v. U.S. Dep't of Education</u>, No. 1:19-cv-250, 2020 WL 2732399, at *2 (E.D. Tenn. May 26, 2020) (citing <u>VanDiver v. Martin</u>, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004)) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").  Although Plaintiff includes a string citation of case law to support her claims, none of the cited authorities addresses the procedural deficiency identified in the Magistrate Judge's R&R – namely, that Plaintiff has not pled sufficient facts to state a plausible claim for relief.  Because Plaintiff's objection fails to engage with the Magistrate Judge's analysis, it is without merit and is overruled.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's objections to the Magistrate Judge's R&R fail to satisfy Rule 72(b).  Plaintiff's objections are **OVERRULED**, the Magistrate Judge's R&R is **ADOPTED** in full, and Defendants' Motion to Dismiss is **GRANTED**.

Because this Order resolves all claims and terminates the action, the Pending Motions are **DENIED AS MOOT**. Plaintiff's claims under the FMLA and the WPA and Plaintiff's slander claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. All other claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this *2nd* day of September, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE