```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

|  |  |
|---|---|
| LOUVISIA CONLEY, <br> A/K/A ELENE K, <br><br> Plaintiff, <br><br> v. <br><br> DEPT. OF VETERANS AFFAIRS, VA MEMPHIS MEDICAL CENTER, DENIS R. MCDONOUGH, SECRETARY, JOSEPH P. VAUGHN, DIRECTOR, GINA RAYMOND, SUPERVISOR, KATHLEEN POHLID, ATTORNEY, EBONY DALVIA, EEO AGENCY MANAGER, AND VA POLICE OFFICE, <br><br> Defendant. | No. 2:23-cv-02756-SHM-cgc |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**

Before the Court are two motions filed by *pro se* Plaintiff Louvisia Conley. On September 9, 2025, Plaintiff filed a motion for reconsideration of the Court's September 2, 2025 Order adopting the Magistrate Judge's Report and Recommendation. (ECF No. 74.) On September 11, 2025, Plaintiff filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the Court's judgment, which was based on the September 2, 2025 Order. (ECF No. 81.) For the reasons below, both motions are **DENIED**.

I.  **BACKGROUND**

**A. Factual Background**

Plaintiff is a former employee of the Department of Veterans Affairs ("VA") Medical Center in Memphis, Tennessee. (ECF No. 1.) On January 26, 2017, she filed an employment discrimination claim against the VA and requested a hearing before the Equal Employment Opportunity Commission ("EEOC"). (ECF Nos. 1, 53.)

On May 7, 2021, Plaintiff entered into a Settlement Agreement with the VA. (ECF No. 53.) Under that agreement, the VA agreed to (1) compensate Plaintiff in the amount of $250.00 and (2) notify her "within ten working days of the effective date … that she has been selected and offered [a] Program Support Assistant (PSA) position at [the] GS-7, Step 1 level." (Id.) On May 19, 2021, Plaintiff received an email that she had been selected for the PSA position in accordance with the agreement. (Id.) She also received the payment of $250.00 required under the agreement. (Id.)

On May 10, 2022, Plaintiff filed a second employment discrimination claim, alleging discrimination "on the basis of race, color, age, sex, and disability." (Id.) She was terminated from her PSA position on June 10, 2022. (Id.) After her termination, Plaintiff filed a complaint with the VA, alleging that the agency had breached the May 7, 2021 Settlement Agreement. (Id.) The VA Office of Resolution Management ("ORM")

2

reviewed her complaint and determined that no breach had occurred. (Id.)

After a series of unsuccessful appeals, Plaintiff filed a civil action in this Court on December 6, 2023. (ECF No. 1.) On December 14, 2023, the EEOC dismissed Plaintiff's final administrative appeal, explaining that the pending civil action had terminated the EEOC's jurisdiction. (ECF No. 38.) On February 2, 2024, the VA issued a final agency decision dismissing Plaintiff's administrative case for lack of jurisdiction. (Id.) This action is the only pending case. (ECF No. 72.)

### B. Procedural Background

On July 30, 2024, Plaintiff filed a document titled "Amended Definitive Statement," which the Court construed as an Amended Complaint. (ECF No. 32.) Plaintiff's Amended Complaint listed the following individuals and entities as Defendants: "Department of Veteran Affairs Agency," "Denis R. McDonough, VA Memphis Director," "Joseph R. Vaughn, Agency Local EEO," "Gina Raymond, VA Director Agency HR," "EEO Manager Ebony Dalvia," "Attorney Kathleen Pohlid, Agency Attorney," and "VA Memphis Veteran Police Office." (Id.)

Plaintiff's Amended Complaint alleged that Defendants had breached the May 6, 2021 Settlement Agreement by failing to offer

3

her a new position within the agreed time. She cited numerous federal employment laws she claimed were violated. (Id.) Because Plaintiff's Amended Complaint was disorganized, the factual bases for Plaintiff's claims were unclear, as were the specific code sections she alleged were violated. Liberally construed, the Amended Complaint asserted claims for slander, breach of settlement agreement, and violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, the Whistleblower Protection Act ("WPA"), 5 U.S.C. §§ 1121-1219, 2302, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Equal Pay Act ("EPA"), 29 U.S.C. § 206. (Id.)

On October 18, 2024, Defendants filed a "Partial Motion to Dismiss or, in the Alternative, Motion for Summary Judgment." (ECF No. 38.) On March 4, 2025, the Magistrate Judge issued a Report and Recommendation ("the R&R"), recommending that Defendants' Motion be granted. (ECF No. 53.) On March 11, 2025, Plaintiff filed an objection to the R&R. (ECF No. 54.) Between March 14 and July 9, 2025, the parties filed thirteen additional documents addressing issues related to the R&R (collectively, the "Pending Motions") without leave of court. (ECF Nos. 55-71.)

On September 2, 2025, the Court adopted the Magistrate Judge's R&R. (ECF No. 72.) The Order dismissed Plaintiff's FMLA,

4

WPA, and Slander claims for lack of subject matter jurisdiction. (Id.) The Order dismissed the Equal Pay Act, Title VII Compensation, and Breach of Settlement claims for failure to state a claim on which relief may be granted under Rule 12(b)(6). Judgement was entered on September 2, 2025 (ECF No. 73.)

Plaintiff filed her motion for reconsideration on September 8, 2025. (ECF No. 74.) That filing contains four separate documents, titled "Motion of Appeal and Request for Reconsideration," "Motion for Reconsideration Under Fed. R. Civ. P. 59(e)," "Rule 59(e) Motion to Alter or Amend Judgment," and "Plaintiff's Memorandum of Law in Support of Motion for Reconsideration."  The documents make numerous overlapping arguments about the substance of the September 2, 2025 order underlying the Court's judgment. (Id.) Plaintiff filed another motion on September 11, 2025, asking the Court to amend the September 2, 2025 judgment based on the September 2, 2025 order. (ECF No. 81.)

## II. Standard of Review

"Motions for reconsideration generally are construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e)." Waid v. Snyder, No. 18-1960, 2019 WL 4121023, at *1 (6th Cir. Feb. 19, 2019); see also Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990)

5

(construing a motion for reconsideration as a Rule 59(e) motion to alter or amend a judgment). The purpose of Federal Rule of Civil Procedure 59(e) is to allow a district court to correct its own mistakes. White v. New Hampshire Dep't of Emp't Sec., 455 U.S. 445, 450 (1982).

The Court will consider Plaintiff's motions for reconsideration as motions to alter or amend the September 2, 2025 judgment under rule 59(e). Although Plaintiff occasionally asserts that she is asking the Court to reconsider its September 2, 2025 Order, rather than its judgment, Plaintiff uses the terms interchangeably and makes her arguments under the rule 59(e) standard. (ECF No. 74.)

Fed. R. Civ. P. 59(e) permits the court to alter or amend a final judgment if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (quoting Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496 (6th Cir. 2006)). Granting a Rule 59(e) motion is an extraordinary remedy that lies in the court's discretion. See McConocha v. Blue Cross and Blue Shield Mutual of Ohio, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) ("[motions to alter or amend] are extraordinary in nature and, because they run contrary to

6

notions of finality and repose, should be discouraged"); see also Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir, 1982) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse").

"Motions for reconsideration are disfavored because they consume scarce judicial resources on matters already decided." Oden v. Warden, North Central Correctional Complex, No. 1:18-cv420, 2020 WL 419749 at *1 (S.D. Ohio Jan. 27, 2020). "It is not appropriate to use a motion for reconsideration to revisit arguments already made and rejected." Id. "Such a motion is not intended to relitigate matters already decided by the Court but, rather, is designed to correct manifest errors of fact or law which led to the entry of judgment." Windsor v. A Fed. Exec. Agency, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), aff'd, 767 F.2d 923 (6th Cir. 1985); see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case").

**III. Analysis**

Plaintiff does not assert newly discovered evidence or a change in controlling law in her two motions. (ECF Nos. 74, 81.) The Court, therefore, considers whether there are clear errors

7

of law or manifest injustice given Plaintiff's arguments and the standard in Betts.

Plaintiff's initial objections to the Magistrate Judge's R&R relied on three central arguments: (1) failure to apply proper legal standards, (2) judicial bias, and (3) substantive legal error. (ECF No. 72.) In her pending motions, Plaintiff makes the first and third arguments to support the specific claims the Court dismissed when it adopted the R&R.

### A. Family and Medical Leave Act

Plaintiff argues that the Court made a clear legal error in dismissing Plaintiff's claims under the FMLA. (ECF No. 81 at 3.) Plaintiff again fails to engage with the Magistrate's reasoning that her FMLA claims are barred because government employees with more than 12 months of service do not have a private right of action to address FMLA violations. (ECF No. 53 at 9-10.) Plaintiff does not dispute her dates of service, but merely restates broadly that she was terminated in violation of the FMLA. (ECF No. 81 at 3.) The Court finds no clear legal error or manifest injustice in dismissing Plaintiff's FMLA claims.

### B. Whistleblower Protection Act Claims

Plaintiff asserts that the Court erred in dismissing Plaintiff's WPA claims for lack of jurisdiction. The Court

8

concluded that Plaintiff had failed to exhaust her administrative remedies and failed to seek relief in the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. (ECF No. 72 at 10-11.) Plaintiff raises no substantive arguments in her motion for reconsideration addressing these jurisdictional issues. (ECF No. 81 at 3-4.) The Court finds no clear error of law or manifest injustice in dismissing Plaintiff's WPA claims.

### C. Slander Claims

The Court dismissed Plaintiff's slander claims because the United States had not waived its sovereign immunity for slander. (ECF No. 72 at 10-11.) Plaintiff asserts that the Court erred in failing to exercise jurisdiction over her slander claims. (ECF No. 81 at 4.) Liberally construed, Plaintiff's motion for reconsideration appears to argue that the EEOC's September 11, 2023 "Right to Sue" letter to Plaintiff waived the government's sovereign immunity for her slander claims. (Id.) It did not. It only addressed Plaintiff's breach of settlement agreement claims, giving her the right to bring her breach of settlement claims in a civil action. (ECF No. 1 at 7-8.) The caselaw Plaintiff cites, <u>Lynn v. City of Jackson</u>, 63 S.W.3d 332 (Tenn. Ct. App. 2001), does not discuss slander or defamation. The

Court finds no clear legal error of law or manifest injustice in dismissing Plaintiff's slander claims.

### D. Title VII Pay Discrimination Claims

In her motions for reconsideration, Plaintiff does not argue that her Title VII claims against employee-defendants were improperly dismissed. She does not argue that her pay-based Title VII claims were improperly dismissed. Therefore, the Court need not reconsider its ruling on those claims.

### E. Equal Pay Act Claim

In her motions to reconsider, plaintiff argues that she "alleged…unequal pay" under the EPA and that her claim was, therefore, improperly dismissed. (ECF No. 81 at 6.) In her report, the Magistrate Judge concluded that, "[w]hile Plaintiff does mention the Equal Pay Act…in her Amended Complaint, the Court cannot clearly discern the factual bases for these claims." (ECF No. 53 at 13.) In her motions, Plaintiff nowhere cites her Amended Complaint to properly object to the Magistrate Judge's conclusion or the Court's Order. The caselaw Plaintiff cites, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), considers Title VII, not the Equal Pay Act. Despite her bare assertion, Plaintiff has not shown that she properly alleged a violation of the EPA in her Amended Complaint. The Court finds no clear error of law or manifest injustice in dismissing Plaintiff's EPA claim.

10

### F. Breach of Settlement Agreement Claim

"It is not appropriate to use a motion for reconsideration to revisit arguments already made and rejected." Oden, 2020 WL 419749 at *1.

Plaintiff addresses her breach of settlement claim, but her arguments are difficult to follow. She generally fails to cite new law, and she makes the same arguments made in her initial objections to the R&R. (compare ECF No. 81 at 2, 6, 8-9 and ECF No. 74 at 10, 12-13, 17 with ECF No. 54 at 4, 12, 21-22, 29, 37-38.) Those arguments were considered and rejected by the Magistrate Judge and by the Court in its September 2, 2025 Order. Therefore, they are not addressed here. The same analysis applies to Plaintiff's "wrongful hiring" claim, which relies on the facts in her breach of settlement claim. (ECF No. 81 at 4).

Plaintiff does cite one new case: Shaffer v. GTE N., Inc., 284 F.3d 500, 503–04 (3d Cir. 2002). That case and Plaintiff's argument relying on it address jurisdictional issues about EEOC settlement agreements. Plaintiff's breach of settlement claim was dismissed for failure to state a claim, not for lack of jurisdiction. (ECF No. 72 at 16.) The Court declines to reconsider its dismissal of the breach of settlement agreement claim.

11

Contrary to Plaintiff's assertion in her motion for reconsideration, in adopting the R&R, the Court did not "ignore" the breach of settlement agreement. (ECF No. 81 at 8.) The R&R properly analyzed Plaintiff's claims and recommended dismissal under Rule 12(b)(6) for failure to state a claim. (ECF No. 53 at 14-15.)

### G. General Arguments Raised by Plaintiff

#### 1. Bias

"It is not appropriate to use a motion for reconsideration to revisit arguments already made and rejected." Oden, 2020 WL 419749 at *1.

In her motions to reconsider, Plaintiff makes the same vague, conclusory arguments alleging bias that the Court rejected in adopting the R&R. (Compare ECF No. 81 at 9 with ECF No. 54 at 11.) Having considered and rejected those arguments (ECF No. 73 at 14-15), the Court finds no reason to reconsider them here.

#### 2. Mootness

Plaintiff asserts in her motion for reconsideration that the Court made a clear legal error in "[d]ismissing her claims as 'moot.'" (ECF No. 81 at 7.) Plaintiff misconstrues the Court's holding. Plaintiff's other motions pending when the Court adopted the R&R were denied as moot. (ECF No. 72 at 2.) None of

the claims raised in her Amended Complaint was dismissed as moot. (Id.)

### 3. Other Title VII and ADA Claims

In her motions to reconsider, Plaintiff cites authorities to support various additional claims under the Americans with Disability Act ("ADA") 42 U.S.C. §§ 12101 *et seq.* and Title VII, referring to statutory sections and subsections and cases. (ECF No. 81.) Plaintiff asserts generally that her claims under those authorities were improperly dismissed. She offers minimal analysis. The R&R addressed the specific violations of Title VII that Plaintiff claimed and that are addressed above. It did not address any claims under the ADA.

The supposed additional Title VII claims and ADA claims were never properly presented to the Magistrate Judge. Plaintiff's Amended Complaint and Opposition to the Motion to Dismiss did not adequately cite specific legal authority or link specific allegations to the broad authorities it did cite. Plaintiff never presented arguments supporting the supposed claims.

Although *pro se* filings are construed liberally, "trial and appellate courts should not have to guess at the nature of the claim asserted." Wells v. Brown, 891 F.2d 591, 594 (6th Cir.

1989); see also Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 F. App'x 487, 491 (6th Cir. 2005) ("*pro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity").  As the Magistrate Judge correctly pointed out: "due to the manner in which Plaintiff has organized her Amended Complaint, it is difficult to decipher the factual bases of [Plaintiff's] claims." (ECF No. 53 at 2.)  The Amended Complaint was disorganized and incoherent.[1]

In subsequent filings, including the motions before the Court and Plaintiff's objections to the R&R, Plaintiff cites more specific sections in Title VII and the ADA.  There are two problems with this.  First, the new filings do not restate or refer to factual allegations in the Amended Complaint so that the allegations are supported by newly cited authorities. (ECF Nos. 74, 81.)

Second, even if the supposed claims were properly stated, as raised they would be untimely.  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Green v. FedEx Supply Chain, Inc., No. 2:21-CV-

---

[1] For instance, at multiple points, the Amended Complaint states that the case is "not an employment discrimination case" (ECF No. 32 at 2 and 8.) but goes on to allege employment discrimination.  The Amended Complaint purports to allege breach of a settlement agreement, (Id. at 1.) but later refers to the same settlement agreement Plaintiff seeks to have enforced as "fraudulent" (Id. at 11, 23, and 25.) and "not a binding contract." (Id. at 11.)

14

02518-JPM-TMP, 2023 WL 2302036, at *2 (W.D. Tenn. Mar. 1, 2023) citing Ward v. United States, 208 F.3d 216, *1 (6th Cir. 2000). "The Magistrate Judge Act, 28 U.S.C. §§ 631 *et seq.* does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). Allowing new claims to be raised in objections would "reduce [the Magistrate Judge's role] to that of a mere dress rehearsal." Johnston v. Hamilton Cnty. Just. Ctr., No. 1:18-CV-864, 2021 WL 1250955, at *7 (S.D. Ohio Apr. 5, 2021), report and recommendation adopted, No. 1:18-CV-864, 2022 WL 4554117 (S.D. Ohio Sept. 28, 2022).

The additional ADA and Title VII claims Plaintiff raises in the pending motions have been waived and are not addressed here. The Court finds no clear error or manifest injustice in its decision not to address the supposed claims.

### 4. *Pro Se* Prejudice

Plaintiff asserts that the Court erred in applying a "strict pleading standard," prejudicing her as a *pro se* litigant. (ECF No. 81 at 8.) Plaintiff is correct that *pro se* complaints are entitled to liberal construction. Frengler v. Gen. Motors, 482 F. App'x 975, 976 (6th Cir. 2012). However, although "courts must apply less stringent standards in determining whether pro

15

se pleadings state a claim for which relief can be granted…pro se plaintiffs are not automatically entitled to take every case to trial." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (internal citations omitted). Even the less stringent standards "ha[ve] still required basic pleading standards," including adherence to Rule 12(b)(6). Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004)

The R&R explicitly stated that it construed Plaintiff's Amended Complaint with deference given her *pro se* status. (ECF No. 53 at 13.) The R&R applied the proper 12(b)(6) pleading standards in recommending dismissal of Plaintiff's EPA, Title VII Compensation, and breach of settlement claims. (ECF No. 53 at 11-15.) The Court did so as well. Neither the Court nor the Magistrate Judge erred in applying the proper standard to Plaintiff's Amended Complaint.

Plaintiff argues that she was generally prejudiced as a *pro se* litigant. (ECF No. 81 at 8, and ECF No. 74 at 4, 12, and 18). Plaintiff's broad assertion of prejudice appears to apply to the entire course of proceedings. She does not refer to specific portions of any Court document.

"The leniency granted to *pro se* petitioners…is not boundless." Martin, 391 F.3d at 714. "Liberal construction does

16

not require a court to conjure allegations on a litigant's behalf." Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001).

The Court has liberally construed Plaintiff's filings in its September 2, 2025 Order adopting the R&R and in this Order denying Plaintiff's motions for reconsideration. Plaintiff has found the limits of leniency given *pro se* litigants and has surpassed them, regularly filing disorganized documents improperly. (See, e.g., ECF No. 72 at 6-7.) The Court finds no clear error of law or manifest injustice based on Plaintiff's *pro se* status.

### IV. Conclusion

For the reasons stated above, Plaintiff fails to satisfy the Rule 59(e) standard for altering or amending the Court's judgment. Defendant's motions for reconsideration are **DENIED**.

So ordered this *10th* day of October, 2025.

                                        */s/ Sameul H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE